**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **WILLIAM MURRAY MCCOY IV;** | § | |
| **Plaintiff** | § | **C.A. NO. _____** |
| | § | |
| **V.** | § | |
| | § | |
| **BAR LOUIE RESTAURANT GROUP,** | § | |
| **LLC** | § | |
| **Defendant** | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff William Murray McCoy IV ("Plaintiff" or "McCoy") and files this Plaintiff's Original Complaint and Jury Demand against Bar Louie ("Bar Louie" or "Defendant"), and for causes of action would show as follows:

## I.
## INTRODUCTION

1.      This is an action for unlawful retaliation brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## II.
## PARTIES

2.      Plaintiff McCoy is a citizen of the United States of America.

3.      McCoy is a former employee of Defendant.

4.      Bar Louie is duly authorized to do business in the State of Texas. Service of the Summons and this Complaint may be made by serving this Defendant's registered agent, DASG, LLC, 8150 North Central Expressway, Suite 1675, Dallas, Texas 75206.

5.     Whenever in this petition it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, or employees.

### III.
### JURISDICTION AND VENUE

6.     This court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 (federal question) since Plaintiff is bringing this claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

7.     Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

8.     Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. § 1391(b) since the substantial part of the events or omissions giving rise to this cause of action occurred in Houston, Texas.

9.     Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, since Plaintiff was employed at Defendant's facilities located in Houston, Texas.

10.     The amount in controversy is within the jurisdictional limits of this Court.

11.     This Court has jurisdiction over all claims in this action.

12.     All conditions precedent to filing this cause of action have been met.

## IV.
## FACTUAL BACKGROUND

13.　McCoy was employed by Defendant from March 2017 until November 14, 2025.

14.　McCoy was employed as a Front of House Manager by Defendant.

15.　During the time that McCoy worked for Defendant, he performed his job duties flawlessly and with absolute excellence.

16.　Plaintiff was an "employee" as that term is defined under 29 U.S.C 203(e)(1).

17.　Upon information and belief, Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in interstate commerce throughout the United States.

18.　Upon information and belief, Defendant is an "employer" as that term is defined under 29 U.S.C. § 203(d), (r) and (s).

19.　Upon information and belief, Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

20.　During Plaintiff's employment with Defendant, he had concerns that Defendant's method of paying its employees did not comply with the FLSA. Specifically, McCoy was concerned with whether the "tip pool" was being administered properly. In restaurants, bartenders and other waitstaff may be paid $2.13 per hour, which is well below the legal minimum wage. However, this can be permitted under the FLSA because of the tips bartenders and the other wait staff receive from customers. *See* 29 U.S.C. §203(m)(2)(A). Defendant's tipped employees asked McCoy if the tip pool was being administered properly because some of the management personnel were asking to be paid a portion of the tip pool. This is significant because, in restaurants, managers, supervisors and/or the employer are NOT permitted to keep ANY portion of the money

3

earned by tipped employees. *See* 29 U.S.C. §203(m)(2)(B) In short, McCoy was being told by tipped employees that Defendant (through some of its management personnel) was violating the FLSA.

21.     In addition, the waitstaff was performing a substantial amount of "non-tipped" duties, including cleaning up and/or closing the bar after the customers had left. Plaintiff was asked by employees whether their pay was being properly adjusted to ensure they were making the FLSA mandated minimum wage pay rate of $7.25 per hour. Specifically, waitstaff would often work "off the clock" (i.e. not being paid for work cleaning up and/or closing the bar).

22.     McCoy also got complaints from waitstaff that one of the managers (Matt Sneddon) was taking money from the tip pool.

23.     McCoy raised these concerns verbally with General Manager John Murphy. Specifically, McCoy told Murphy that the waitstaff was being pressured to give part of the tip pool to Matt Sneddon. McCoy told Mr. Murphy this several times. The last time McCoy made this comment to Murphy was on or about June 2025. Murphy responded by saying he "didn't have time to deal with it now."

24.     On November 13, 2025, McCoy emailed the following individuals about his concerns: John Murphy (General Manager), Robert Martin (Director of Operations South), Brian Dehart (Direct of Operations North), Mary Meyer (Senior Accounting Manager), Rachel Quintana (Direct of IT), Jennifer Groff (Corporate Training Manager), and Daisy Kim (Director of Payroll and HR Services). McCoy told these individuals that Bar Louie needed to make sure that the way it was paying its employees was compliant with the FLSA.

4

25.    On November 14, 2025, Defendant terminated McCoy's employment. When McCoy asked John Murphy why he had been fired, Murphy said, "You know why." Director of Operations South Robert Martin was on speaker phone when Plaintiff's employment was terminated.

26.    Given McCoy's stellar employment record and the timing of his termination, it is obvious that he was terminated in retaliation for him expressing his concerns about Defendant not paying its employees in a manner that complied with the FLSA.

27.    In addition to his lost wages, McCoy has also suffered mental anguish. Specifically, Mr. McCoy has had to increase his anxiety and depression medication, and his psychiatrist is now recommending that he start regularly seeing a therapist due to his increased depression.

## V.
## CAUSES OF ACTION

*Cause of Action: FLSA (Unlawful Retaliation)*

28.    Plaintiff William McCoy ("Plaintiff" or "McCoy") incorporates by reference all the foregoing allegations in each of the paragraphs above as fully set forth herein.

29.    When employees make complaints about alleged violations of the FLSA, they are protected from employer retaliation by law.

30.    As set forth above, McCoy engaged in protected action.  Moreover, because McCoy's actions were done in good faith, he is protected from retaliation even if he was mistaken in his belief that Defendant's method of paying its employees was not compliant with the FLSA.

31.    The close temporal proximity between McCoy engaging in protected activity and his termination demonstrates a causal link between McCoy's protected activity and his termination. *See, e.g., Cantu v. Vitol, Inc.*, Civil Action No. H-09-0576, 2011 WL 486289, at *10

5

(S.D. Tex. Feb. 7, 2011) (Rosenthal, J.) (noting that "the Fifth Circuit has found temporal proximity of up to four months sufficient to show a causal link.") (citing *Stroud v. BMC Software, Inc.*, No. 07–20779, 2008 WL 2325639(5th Cir. June 6, 2008) (finding that a three-week lapse between protected activity and adverse employment action was sufficient to show a causal link); *Richard v. Cingular Wireless LLC*, 233 Fed. Appx. 334, 338 (5th Cir. Apr. 13, 2007) (concluding that two-and-one-half months is short enough to support an inference of a causal link); *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 995 (5th Cir. 2005) (finding that a period of less than sixty days was sufficiently close to establish a causal link for a *prima facie* case of retaliation); *Ware v. CLECO Power LLC*, 90 Fed. Appx. 705, 708 (5th Cir. Jan. 21, 2004) (unpublished) (finding a fifteen-day period sufficient to support an inference of causation);

32.    Although McCoy's opposition activity with respect to Defendant's failure to follow the FLSA were objectively and subjectively reasonable and made in good faith,  there is a compelling argument that these actions are protected from retaliation by 29 U.S.C. § 215(a)(3) even if they were not made in good faith. *See Randolph v. ADT Sec. Servs., Inc.*, No. 09–cv–1790, 2011 WL 3476898, at *4-6 (D. Md. Aug. 8, 2011) (holding that plaintiffs' FLSA related complaints filed with state agency over overtime were entitled to absolute protection, even if they were unreasonably made, based on plain language of 29 U.S.C. § 215(a)(3) and an analogy to Title VII's anti-retaliation clause covering participation, which provides absolute protection from retaliation for EEOC filings, even if the filings are made unreasonably or in bad faith); *see also Pettway v. American Cast Iron Pipe Co.*, 411 F.2d 998, 1005-07 (5th Cir. 1969) (holding that EEOC complaints are protected from retaliation under Title VII's participation clause even if they are unreasonable and made in bad faith); *Booth v. Pasco County, Fla.*, 829 F. Supp. 2d 1180, 1201 (M.D. Fla. 2011) (following *Pettway*, and holding that "[f]or the above reasons, this

Court declines to read a good faith and reasonableness requirement into the participation clause.")

33.     Based on Defendant's violation of the FLSA's anti-retaliation provision, Mr. McCoy  is entitled to back-pay and liquidated damages (a doubling of the back-pay award). *See Little v. Technical Specialty Products LLC*, NO. 4:11-CV-717, 2013 WL 5755363, at *5 (E.D. Tex. Oct 23, 2013) (awarding liquidated damages to the plaintiff in an FLSA retaliation case). Compensatory damages and reinstatement or front-pay are also permitted for a retaliation claim under the FLSA. *See, e.g., Little v. Technical Specialty Products, LLC*, 940 F. Supp. 2d 460, 479 (E.D. Tex. 2013) (finding that the FLSA's anti-retaliation provision allows for an award of compensatory damages for emotional distress and also permits an award of reinstatement or front-pay where it is appropriate).

34.     Finally, the FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ." *See* 29 U.S.C. § 216(b); *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00). Mr. McCoy seeks such reasonable attorney's fees.

## VI.
## JURY DEMAND

35.     Plaintiff hereby request a trial by jury on all issues triable by a jury in this case.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

A.     Award plaintiff back-pay and liquidated damages;

B.     Award plaintiff his reasonable and necessary attorneys' fees;

C.      Award pre-judgment and post-judgment interest as allowed by law;

D.      Award costs of court, costs of prosecuting Plaintiff's claim; and

E.      Award such other and further relief to which Plaintiffs may be justly entitled:

Respectfully submitted,

 */s/ Andrew L Mintz*
Andrew L. Mintz
Texas Bar No. 24037120
SD TX I.D. No. 35220
andrew@almintzlawfirm.com
ANDREW L. MINTZ, PLLC
2100 West Loop South, Suite 1125
Houston, Texas 77027
Ph: (713) 859-3828
Fax: (832) 626-0389

**ATTORNEY FOR PLAINTIFF
WILLIAM MURRAY MCCOY IV**